IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILMINGTON O. CHARLES, SR.                                                      PLAINTIFF

v.                              Case No. 6:19-cv-6005

LEXISNEXIS[1]                                                                   DEFENDANT

## ORDER

Before the Court is Defendant Lexisnexis' Motion to Dismiss. (ECF No. 10). Plaintiff Wilmington O. Charles, Sr. has not filed a response and the time to do so has passed.[2] The Court finds this matter ripe for consideration.

## BACKGROUND

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i.[3] Defendant Lexisnexis is a data aggregation company in the business of collecting and selling the information that commercial organizations, government agencies and nonprofits use to profile individuals and businesses. Plaintiff alleges that a credit report that he received from Lexisnexis contains "a Bankruptcy Chapter 7 discharge in the files under [his] social security number and case number 0976082." (ECF No. 5). Further, Plaintiff alleges that Lexisnexis has reported the bankruptcy to the three national credit reporting bureaus resulting in damages to his reputation and credit score. *Id.*

---

[1] Defendant Lexisnexis states that it was incorrectly named in Plaintiff's Complaint and that its proper name is LexisNexis Risk Solutions Inc. For consistency, the Court will continue to refer to Defendant in this order as Lexisnexis.
[2] *See* Local Rule 7.2.
[3] Plaintiff's Complaint alleges a violation of "FCRA rules section 611 part(A)(1)" which is codified at 15 U.S.C. § 1681i.

Plaintiff commenced this action *pro se* in the District Court of Garland County, Arkansas on December 10, 2018. The case was removed to this Court on January 9, 2019. On February 6, 2019, Lexisnexis filed the instant Motion to Dismiss (ECF No. 10), arguing that Plaintiff has failed to state a claim on which relief can be granted because Plaintiff has not alleged that the bankruptcy and credit information Lexisnexis reported was inaccurate. Plaintiff has not responded to the motion.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole,

not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

As noted above, Plaintiff, proceeds *pro se*. "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

Lexisnexis argues that Plaintiff's FCRA claim should be dismissed because Plaintiff has not alleged that Lexisnexis reported inaccurate information in his credit report. Plaintiff has failed to respond to this argument.

It appears that neither the Eighth Circuit Court of Appeals nor this Court have addressed the issue of what is required to state a claim under 15 U.S.C. § 1681i. However, several district courts in the Eighth Circuit have found that "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *Paul v. Experian Info. Solutions, Inc.*, 793 F. Supp. 2d 1098, 1102 (D. Minn. 2011); *see also Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1088 (E.D. Mo. 2008) (holding that accurate reporting is a complete defense to a

3

section 1681i claim). Moreover, it appears that the prevailing view among the Circuit Courts of Appeal is that a plaintiff must sufficiently allege that his credit report contains inaccurate information in order to state a claim under section 1681i. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (discussing that a plaintiff must allege inaccurate reporting to bring a section 1681i claim in the Fourth, Sixth, and Eleventh Circuit Courts of Appeal); *Edeh v. Equifax Info. Servs., LLC*, 919 F. Supp. 2d 1006, 1012 (D. Minn. 2013) (discussing that a plaintiff must allege inaccurate reporting to bring a section 1681i claim in the First, Third, Seventh, and Ninth Circuit Courts of Appeal).

Upon consideration, the Court agrees with Lexisnexis. The overwhelming weight of authority indicates that a plaintiff must allege that his credit report contains inaccurate information to state a claim under section 1681i. In the present case, Plaintiff alleges that he was damaged when Lexisnexis reported his bankruptcy to national credit reporting bureaus, but he has not alleged that any of the bankruptcy or credit information reported by Lexisnexis was inaccurate. Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court finds that Lexisnexis' Motion to Dismiss (ECF No. 10) should be and hereby is **GRANTED**. Accordingly, Plaintiff's Complaint (ECF No. 5) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge